UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANCISCA SEGURA DEJOE, :

    Plaintiff : Civil Action No.:_____

-against-

AMERICAN AIRLINES, INC and :
AMR CORPORATION

    Defendants : May 24, 2013

## COMPLAINT

### Preliminary Statement

1. The Plaintiff Francisca Segura DeJoe ("Plaintiff") brings this action against Defendants American Airlines, Inc. ("American Airlines") and AMR Corporation ("AMR") for injuries she sustained in an "accident" that occurred during an international flight from the Dominican Republic to New York pursuant The Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal, May 28, 1999, ICAO Doc. 9740, reprinted S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000) (entered into force on Nov. 4, 2003), commonly known as the Montreal Convention.

### Parties

2. Plaintiff is a resident of the state of Connecticut.

3. American Airlines is a Delaware Corporation with its principal place of business in Tarrant County, Texas.

4. AMR is a Delaware corporation with its principal place of business in Tarrant County, Texas.

## Jurisdiction

5.  Jurisdiction in this matter is conferred upon this Court pursuant to U.S.C. § 1331, on the grounds that Plaintiff's claims "arise under the laws of the United States" because they are governed by The Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal, May 28, 1999, ICAO Doc. 9740, reprinted S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000) (entered into force on Nov. 4, 2003), commonly known as the Montreal Convention.

6.  Jurisdiction is further conferred upon this Court pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the Plaintiff (Connecticut) and American Airlines (Delaware and Texas) and AMR (Delaware and Texas).

7.  Personal jurisdiction is proper in the District of Connecticut because American Airlines is licensed to do business in the state of Connecticut (Business ID: 000182) and has appointed CT Corporation System, One Corporate Center, Hartford, CT as its authorized agent for service.

8.  Personal jurisdiction is proper in the District of Connecticut because AMR was licensed to do business in the state of Connecticut (Business ID: 0224270) and has appointed the Secretary of State, 30 Trinity Street, Hartford, CT as its authorized agent for service.

## Venue

9. Venue is proper in the District of Connecticut pursuant to 28 USC § 1391(b), (c) because American Airlines has consented to suit in Connecticut and has sufficient total contacts with the forum of Connecticut to satisfy the "minimum contacts" test of the due process clause.

10. Venue is proper in the District of Connecticut pursuant to 28 USC § 1391(b), (c) because AMR has consented to suit in Connecticut and has sufficient total contacts with the forum of Connecticut to satisfy the "minimum contacts" test of the due process clause.

## Statement of Facts

11. On July 18, 2011, the Plaintiff boarded an international American Airlines flight (no. 1752) traveling from Santo Domingo (Dominican Republic) to New York (JFK Airport).

12. After entering the aircraft, the Plaintiff was directed to walk down the aisle in order to reach her assigned seat.

13. As Plaintiff proceeded down the aisle, she became "sandwiched" between passengers who boarded the aircraft before her and passengers who boarded after her, making it very difficult for her to walk with her normal gate.

14. As Plaintiff reached the area of her assigned seat, the aisle was crowded with passengers.

15. As she attempted to place her carry-on luggage in one of the aircraft's overhead bins, her foot got caught on one of the passenger seat legs and/or floor bolts

which, in conjunction with the overcrowding condition of the aisle, caused her leg to buckle and her knee to twist which led to the following serious injuries and damages.

16. As a result thereof, the Plaintiff suffered injuries of a serious, painful and permanent nature in that she sustained:

    (a)    a right knee sprain;

    (b)    a tear of the right anterior cruciate ligament;

    (c)    subluxation of the right knee;

    (d)    risk of future surgery to the right knee;

    (e)    a general shock to her nervous system; and

    (f)    anxiety and apprehension about her mental and physical conditions.

    (a)-(f)    Some or all of which injuries and damages have affected Plaintiff's ability to engage in and enjoy her normal activities of daily living and have prevented her from resuming her pre-accident lifestyle.

### First Cause of Action (Strict Liability)

17.-31. Paragraphs 1 through 16 of this Complaint are hereby incorporated by reference and made paragraphs 17 through 31 of this, the First Cause of Action, as if fully set forth herein.

32. At all times mentioned herein, the Plaintiff was in the process of boarding the aircraft and was physically on board when the events giving rise to the injury occurred.

33. At all times mentioned herein, the Plaintiff was injured as a result of an unexpected occurrence and did not arise from her own internal reaction to the usual, normal and expected operation of the aircraft.

34. As a result of the foregoing accident, the Defendants are strictly liable to the Plaintiff for the injuries and losses she sustained that are set out in ¶16 above.

### Second Cause of Action (Negligence)

35.-49. Paragraphs 1 through 16 of this Complaint are hereby incorporated by reference and made paragraphs 35 through 49 of this, the Second Cause of Action, as if fully set forth herein.

50. The personal injuries and losses sustained by the Plaintiff were caused by the negligence and carelessness of the Defendants, acting by and through their respective agents, servants, directors and/or employees in that they:

   (a) failed to properly and safely board the passengers on flight no. 1752 which resulted in a dangerous and defective condition consisting of an overcrowded aisle that they knew or should have known would result in an accident for one of their passengers including the Plaintiff;

   (b) failed to properly control the boarding of passengers into flight no. 1752 which resulted in an overcrowded and congested aisle that they knew or should have known would result in an accident for one of their passengers including the Plaintiff;

   (c) failed to properly warn passengers boarding flight no. 1752 to do so in an orderly fashion to avoid overcrowding the aisle and causing an accident with one or more of the other passengers;

(d) failed to properly supervise the boarding of passengers into flight no. 1752 to ensure that all passengers were entering the airplane in an orderly and safe fashion to prevent other passengers, such as the plaintiff, from being injured in an accident such as the one that occurred here;

(e) failed to maintain a safe and orderly boarding process on flight no. 1752 which resulted in a dangerous and defective condition consisting of an overcrowded aisle that they knew or should have known would result in an accident for one of their passengers including the Plaintiff; and

(f) failed to properly assist and/or instruct passengers boarding flight no. 1752 on the safe stowing of their carry-on luggage which resulted in a dangerous and defective condition consisting of an overcrowded aisle that the Defendants knew or should have known would result in an accident for one of their passengers.

## Prayer for Relief

**WHEREFORE**, Plaintiff claims:

1. Damages;

2. Costs; and

3. Such other relief as may apply at law or equity.

## Jury Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury.

THE PLAINTIFF
FRANCISCA SEGURA DEJOE

By: *(signature)*
Jeffrey M. Cooper (ct26250)

COOPER SEVILLANO, LLC
1087 Broad Street, 4th Floor
Bridgeport, CT 06604
E-Mail: jcooper@coopersevillano.com
Phone: (203) 366-0660
Facsimile: (203) 366-0688
Juris No.: 433348

*Attorney for Plaintiff Francisca Segura DeJoe*